# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

WILLIAM C. MAYS,           )
                              )
        Plaintiff,          )
                              )
v.                             )        No. 06-0384-CV-W-DW
                              )
AMERISTAR CASINO,      )
                              )
        Defendant.      )

# ORDER

Before the Court are Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 1) and for appointment of counsel (Doc. 3). Plaintiff attempts to file a Title VII complaint, which gives no indication of what his claim actually is. The Court has reviewed the motions and Plaintiff's affidavit of financial status. For the reasons discussed below, the Court denies both motions.

The process to determine whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982). First, the district court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). <u>Id.</u> If so, the court must then decide whether the action must nonetheless be dismissed because it is "frivolous or malicious," 28 U.S.C. § 1915 (e)(2)(B)(I), fails to state a claim upon which relief may be granted, <u>id.</u> § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, <u>id.</u> § 1915(e)(2)(B)(iii).[1]

---

[1] <u>Martin-Trigona</u> mandates dismissal only if the action is frivolous or malicious. 691 F.2d at 857. This was according to 28 U.S.C.A. § 1915(d) before it was amended in 1996 to move the functions of old section 1915(d) to new section 1915(e) and to add the duty to dismiss in cases failing to state a claim requesting monetary damages

Title 28 U.S.C. § 1915(a)(1) provides that a court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." In analyzing a plaintiff's economic status, the Court is also guided by this district's Local Rule, which requires that court fees and costs should not "cause the applicant to give up the basic necessities of life." L. R. 83.7(a)(3).

Plaintiff's affidavit states that in the last 12 months, he received about $1,000 per month in unemployment benefits, and that he is now employed with $1,100 per month net income. His obligations include only $150 monthly apartment rental, only $40 monthly grocery expense, and $250 per month for "rent" listed as a monthly utility. Additionally, Plaintiff lists $570 in monthly payments on about $13,000 in auto and title loans. However, he reports owning no car or real property. It is clear that Plaintiff's financial situation is less than ideal. However, because the affidavit apparently does not provide a complete picture of his financial status, the Court cannot conclude that he would be deprived of the basic necessities of life if required to pay the fees and costs to proceed with this suit. Therefore, Plaintiff's motion to proceed *in forma pauperis* is denied.

Plaintiff also requests that the Court appoint counsel to represent him in his Title VII suit. There is no right to counsel in civil actions. See Haggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). The Court, therefore, denies Plaintiff's motion.

---

from immune defendants. See 28 U.S.C.A. § 1915(e)(2)(B).

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (Doc. 1) and to appoint counsel (Doc. 3) are hereby DENIED.

SO ORDERED.


                                        /s/ DEAN WHIPPLE
                                         Dean Whipple
                                     United States District Judge

Date: June 30, 2006